IN THE UNITED STATES DISTRICT COU
**WESTERN DISTRICT OF MICHIGAN**
SOUTHERN DIVISION

FILED - GR
April 24, 2019 2:18 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ mkc  SCANNED BY: /Mw 4/24/19

DARRELL D. JONES, AND
JONES INVESTING, LLC,
      **Plaintiff,**

**CIVIL RIGHTS COMPLAINT AND
ACTION WITH JURY DEMAND**

**1:19-cv-316**
**Robert J. Jonker**
**Chief U.S. District Judge**
HON:
**Case No.**

v.

DEFENDANT SAMEENA MAJEED, No.#1., IS BEING SUED IN HER INDIVIDUAL
CAPACITY AS CHIEF OF THE UNITED STATES DEPARTMENT OF JUSTICE CIVIL RIGHTS
DIVISION HOUSING AND CIVIL ENFORCEMENT SECTION, EMPLOYED at 950 Pennsylvania
Avenue, NW - G Street, Washington, D.C., #20530.

DEFENDANT ONJIL McEACHIN, No.#2., IS BEING SUED IN HIS INDIVIDUAL CAPACITY
AS TRIAL ATTORNEY OF THE UNITED STATES DEPARTMENT OF JUSTICE HOUSING AND
CIVIL ENFORCEMENT SECTION, EMPLOYED at 950 Pennsylvania Avenue, NW - G
Street, Washington, D.C., #20530

DEFENDANT JOHN DAVID GARDINER, No.#3., IS BEING SUED IN HIS INDIVIDUAL
CAPACITY AS ATTORNEY EMPLOYED FOR BODMAN PLC, at 99 Monroe Avenue NW, Suite
506, in Grand Rapids, Michigan #49503.

DEFENDANT DALE J. HILSON, No.#4., IS BEING SUED IN HIS INDIVIDUAL CAPACITY
AS THE MUSKEGON COUNTY ELECTED PROSECUTOR, at 990 Terrace Street, Suite 505,
in Muskegon, Michigan #49442.

DEFENDANT KATHRYN H. NORTON, No.#5., IS BEING SUED IN HER INDIVIDUAL CAPACITY
AS AN ASSISTANT MUSKEGON COUNTY PROSECUTOR, at 990 Terrace Street, Suite 505,
in Muskegon, Michigan #49442.

DEFENDANT BENJAMIN L. MEDEMA, No.#6., IS BEING SUED IN HIS INDIVIDUAL CAPACITY
AS AN ASSISTANT MUSKEGON COUNTY PROSECUTOR, 990 Terrace Street, Suite 505,
in Muskegon, Michigan #49442.

DEFENDANT MARY E. FARRELL, No.#7., IS BEING SUED IN HER INDIVIDUAL CAPACITY
AS AN ASSISTANT MUSKEGON COUNTY PROSECUTOR, at 990 Terrace Street, Suite 505,
in Muskegon, Michigan #49442.

DEFENDANT MATTHEW J. ROBERTS, No.#8., IS BEING SUED IN HIS INDIVIDUAL CAPACITY
AS AN ASSISTANT MUSKEGON COUNTY PROSECUTOR, at 990 Terrace Street, Suite 505,
in Muskegon, Michigan #49442.

DEFENDANT JOHN R. BEASON, No.#9., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS A PRIVATE PRACTICING ATTORNEY, at 15 Ionia Avenue, SW Suite 530, in Grand Rapids, Michigan #49503.

DEFENDANT KEVIN JOHN WISTROM, No.#10., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS AN ATTORNEY, at 1 East Apple Avenue, Suite C, in Muskegon, Michigan #49442.

DEFENDANT LOGAN ANDERSON, No.#11., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS A MUSKEGON COUNTY POLICE DETECTIVE, at 980 Jefferson Street, in Muskegon, Michigan #49440.

DEFENDANT NATE BAKER, No.#12., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS A MUSKEGON COUNTY POLICE DETECTIVE, at 980 Jefferson Street, in Muskegon, Michigan #49440.

DEFENDANT JOHN DOE, No.#13., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS A MUSKEGON COUNTY POLICE DETECTIVE, at 980 Jefferson Street, in Muskegon, Michigan #49440.

DEFENDANT DAYATA TOTTEN, No.#14., IS BEING SUED IN HER INDIVIDUAL CAPACITY AS A WITNESS, at 32 W. Forest Avenue, in Muskegon, Michigan #49441.

DEFENDANT SEQUOIA TOTTEN RANDLE-EL, No.#15., IS BEING SUED IN HER INDIVIDUAL CAPACITY AS A HOMEMAKER, at 3112 Seventh Street, in Muskegon Heights, Michigan #49444.

DEFENDANT JEFFREY ALLEN CONLEY, No.#16., IS BEING SUED IN HIS INDIVIDUAL CAPACITY WHO IS CURRENTLY A PRISONER, at Marquette Branch Prison, 1960 U.S. Highway 41 South, in Marquette, Michigan #49855.

DEFENDANT TYREE LADON EDWARDS, **#270389**, No.#17., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS MICHIGAN DEPARTMENT OF CORRECTIONS PRISONER UNDER THE SUPERVISION OF RITA DOOLEY, SUPERVISOR, at 985 E. Barney Street, in Muskegon, Michigan #49444.

DEFENDANT GREGORY EARL DIXON, No.#18., IS BEING SUED IN HIS INDIVIDUAL CAPACITY AS A FORMER TENANT OF PLAINTIFF, at 1447 Terrace Street Apt.#1., in Muskegon, Michigan #49442.

DEFENDANT VALERIE LYNN GREYS, No.#19., IS BEING SUED IN HER INDIVIDUAL CAPACITY AS AN EMPLOYEE OF THE WESTCO GAS STATION, at 1075 W. Laketon Nevada, Avenue, in Muskegon, Michigan #49441.

**Defendants.**

I.
## INTRODUCTION

NOW COMES, the Plaintiff **Darrell D. Jones, and Jones Investing, LLC, In Pro Per,** by and through his Civil Rights Complaint and Action with Jury Demand, pursuant to 42 U.S.C. § 1983, for violations of the plaintiff's First Amendment Rights to petition the government for the redress of grievances; to practice the plaintiff's religion as a member of the **Son of Man** secular beliefs and practices (Mark 14:¶21); and to be free from retaliations by his government officials; The defendants violated the Fourth Amendment Rights of plaintiff to be secured in his person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by **oath** or **affirmation,** and particularly describing the place to be searched, and the persons or things to be seized; The Fifth Amendment applies to every level of the government, including the federal, state, and local levels, as well as any corporation, private enterprise, group, or individual, or any foreign government in regards to a US citizen or resident of the US. The Supreme Court furthered the protections of this amendment through the Due Process Clause of the Fourteenth Amendment. The Fifth Amendment creates a number of rights relevant to both criminal and civil legal proceedings. In criminal cases, the Fifth Amendment guarantees the right to a grand jury, forbids double jeopardy, and protects against self-incrimination. It also requires that **"due process of law"** be part of any proceeding. The Sixth Amendment guarantees the right of criminal defendants, including the right to a public trial without unnecessary delay, the right to a lawyer, the right to an impartial jury, and the right to know who your accusers are and the nature of the charges and evidence against you.

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1). That deprivation of a right secured by the Constitution or laws of the United States; (2). Caused by a person acting under the color of state law. See Marvin v. City of Taylor, 509 F.3d 234, 243 (6th Cir. 2007); Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006); and Waters v. City of Morristown Tenn., 242 F.3d 353, 358-359 (6th Cir. 2001).

## II.
## JURISDICTION

The Jurisdiction of the Federal District Court is properly invoked, pursuant to 28 U.S.C. § 1343(a)(3), to redress the deprivation, under color of state law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the Jurisdiction of the United States.

## III.
## AMOUNT IN CONTROVERSY

In this action the amount in controversy, pursuant to 28 U.S.C. § 1331(a), the district courts **shall** have original jurisdiction of all civil actions, wherein the matter in controversy exceeds the sum or value of ... **Five Hundred Million ($500,000,000.00) Dollars** ... exclusive of interest and costs, of the Federal Questions Presented.

4

## IV.
## PARTIES

Plaintiff Darrell D. Jones, and Jones Investing, LLC, was at all times relevant and pertinent to these proceedings a citizen of the United States and the State of Michigan, and residing at 1976 Dykstra Road, in Muskegon, Michigan #49445.

## V.
## DEFENDANTS

Defendant Sameena Majeed, No.#1., was at all times relevant and pertinent to these proceedings employed by the federal government worked under the color of state law with state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in her individual capacity as Chief of the United States Department of Justice Civil Rights Division Housing and Civil Enforcement Section, employed at 950 Pennsylvania Avenue, NW - G Street, Washington, D.C., #20530.

Defendant Onjil McEachin, No.#2., was at all times relevant and pertinent to these proceedings employed by the federal government worked under the color of state law with state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as Trial Attorney of the United States Department of Justice Housing and Civil Enforcement Section, employed at 950 Pennsylvania Avenue, NW - G Street, Washington, D.C., #20530.

Defendant John David Gardiner, No.#3., was at all times relevant and pertinent to these proceedings worked under the color of state law with state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as Attorney Employed for Bodman PLC, at 99 Monroe Avenue NW, Suite 506, in Grand Rapids, Michigan #49503.

Defendant Dale J. Hilson, No.#4., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as the Muskegon County Elected Prosecutor, at 990 Terrace Street, Suite 505, in Muskegon, Michigan #49442.

Defendant Kathryn H. Norton, No.#5., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in her individual capacity as an Assistant Muskegon County Prosecutor, at 990 Terrace Street, Suite 505, in Muskegon, Michigan #49442.

Defendant Benjamin L. Medema, No.#6., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen

6

Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50),
in his individual capacity as an Assistant Muskegon County Prosecutor, at
990 Terrace Street, Suite 505, in Muskegon, Michigan #49442.

Defendant Mary E. Farrell, No.#7., was at all times relevant and
pertinent to these proceedings working under the color of state law with
federal and state officials to violate the plaintiff's Federal Constitutional
Rights and is being sued for Twenty Six Million, Three Hundred Fifteen
Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50),
in her individual capacity as an Assistant Muskegon County Prosecutor, at
990 Terrace Street, Suite 505, in Muskegon, Michigan #49442.

Defendant Matthew J. Roberts, No.#8., was at all times relevant and
pertinent to these proceedings working under the color of state law with
federal and state officials to violate the plaintiff's Federal Constitutional
Rights and is being sued for Twenty Six Million, Three Hundred Fifteen
Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50),
in his individual capacity as an Assistant Muskegon County Prosecutor, at
990 Terrace Street, Suite 505, in Muskegon, Michigan #49442.

Defendant John R. Beason, No.#9., was at all times relevant and
pertinent to these proceedings working under the color of state law with
federal and state officials to violate the plaintiff's Federal Constitutional
Rights and is being sued for Twenty Six Million, Three Hundred Fifteen
Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50),
in his individual capacity as a Private Practicing Attorney, at 15 Ionia
Avenue, SW Suite 530, in Grand Rapids, Michigan #49503.

Defendant Kevin John Wistrom, No.#10., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as an Attorney, at 1 East Apple Avenue, Suite C, in Muskegon, Michigan #49442.

Defendant Logan Anderson, No.#11., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as a Muskegon County Police Detective, at 980 Jefferson Street, in Muskegon, Michigan #49440.

Defendant Nate Baker, No.#12., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as a Muskegon County Police Detective, at 980 Jefferson Street, in Muskegon, Michigan #49440.

Defendant John Doe, No.#13., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen

8

Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as a Muskegon County Police Detective, at 980 Jefferson Street, in Muskegon, Michigan #49440.

Defendant Dayata Totten, No.#14., was at all times relevant and pertinent to these proceedings a defendant in People v. Dayata Totten, Case No.#18-00-0513-FH where the state officials urged the defendant to give aid and/or assist them with violating the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in her individual capacity as a **Witness,** at 32 W. Forest Avenue, in Muskegon, Michigan #49441.

Defendant Sequoia Totten Randle-El, No.#15., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in her individual capacity as a **Homemaker,** at 3112 Seventh Street, in Muskegon Heights, Michigan #49444.

Defendant Jeffrey Allen Conley, No.#16., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity who is currently a prisoner, at Marquette Branch Prison, 1960 U.S. Highway 41 South, in Marquette, Michigan #49855.

Defendant Tyree Ladon Edwards, #270389, No.#17., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as Michigan Department of Corrections Prisoner, under the supervision of Rita Dooley, supervisor, at 985 E. Barney Street, in Muskegon, Michigan #49444.

Defendant Gregory Earl Dixon, No.#18., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in his individual capacity as a former tenant of plaintiff, at 1447 Terrace Street Apt., in Muskegon, Michigan #49442.

Defendant Valerie Lynn Greys, No.#19., was at all times relevant and pertinent to these proceedings working under the color of state law with federal and state officials to violate the plaintiff's Federal Constitutional Rights and is being sued for Twenty Six Million, Three Hundred Fifteen Thousand, Seven Hundred Eighty Nine Dollars and Fifty Cent ($26,315,789.50), in her individual capacity as an employee of the **Westco Gas Station,** at 1075 W. Laketon Nevada, Avenue, in Muskegon, Michigan #49441.

10

First Cause of Action
**Count-I**

Defendants Denied Plaintiff His First Amendment Rights To Petition
When Defendants Sent Out Fifteen (15) Thousand Letters To Plaintiff's
Tenants To Have Plaintiff's Tenants File A False Police Report That
Plaintiff Had Committed First Degree Criminal Sexual Conduct And
Harassed Female Tenants Of His Properties

A. **Plaintiff Was Denied His First Amendment**
**Rights To Petition Government For Redress Of Grievances**

1). On October 15, 2018, the Defendants Sameena Majeed, No.#1., and
Onjil McEachin, No.#2., denied the plaintiff his First Amendment Rights To
Petition: (1) Plaintiff will show that on October 15, 2018, he was engaged
in business with his home investment business, Jones Investing, LLC, activity
protected by the First Amendment, when defendants sent out Fifteen (15)
Thousand Letters, to Jay Marlan Bass, at 821 Evanston Avenue, in Muskegon,
Michigan #49442; (2) The plaintiff suffered a deprivation, when defendants
sent out Fifteen (15) Thousand Letters, to plaintiff's other tenants to have
plaintiff's tenants file a **"False Police Report",** contrary to MCL § 750.411a
(1)(b), that plaintiff had committed first degree criminal sexual conduct,
contrary to MCL § 750.520b(1), that would likely deter First Amendment
activity in the future, and because defendants claimed plaintiff had harassed
**"Female Tenants Of His Properties",** and; (3) The First Amendment activity was
"at least a motivating factor", in the Defendants initiating the Fair
Housing Act Violation, in which the defendants knew or reasonably should
have known was a violation of the plaintiff's Constitutional Rights, in
which the plaintiff has suffered prejudice to his business reputation.

2). On October 15, 2018, November 1, 2018, December 19, 2018, January
6, 2019, and January 8, 2019, the Defendants Sameena Majeed, No.#1., and

Onjil McEachin, No.#2., and John David Gardiner, No.#3., and Dale J. Hilson,
No.#4., and Kathryn H. Norton, No.#5., and Benjamin L. Medema, No.#6., and
Mary E. Farrell, No.#7., and Matthew J. Roberts, No.#8., and John R. Beason,
No.#9., and Kevin John Wistrom, No.#10., Logan Anderson, No.#11., and Nate
Baker, No.#12., and John Doe, No.#13., and Dayata Totten, No.#14., and
Sequoia Totten Randle-EL, No.#15., and Jeffrey Allen Conley, No.#16., and
Tyree Ladon Edward, #270389, No.#17., and Gregory Earl Dixon, No.#18., and
Valerie Lynn Greys, No.#19., denied the plaintiff his First Amendment Rights
To Petition: (1) Plaintiff will show that on October 15, 2018, he was engaged
in business with his home investment business, Jones Investing, LLC, activity
protected by the First Amendment, when defendants sent out Fifteen (15)
Thousand Letters, to Jay Marlan Bass, at 821 Evanston Avenue, in Muskegon,
Michigan #49442; Dayata Totten, No.#14., at 32 W. Forest Avenue, in Muskegon,
Michigan #49441; Sequoia Totten Randle-EL, No.#15., at 3112 Seventh Street,
in Muskegon Heights, Michigan #49444; Jeffrey Allen Conley, No.#16., at
Marquette Branch Prison, 1960 U.S. Highway 41 South, in Marquette, Michigan
#49855; Tyree Ladon Edwards, #270389, No.#17., at 985 E. Barney Street, in
Muskegon, Michigan #49444; Gregory Earl Dixon, No.#18., at 1447 Terrace
Street Apt.#1., in Muskegon, Michigan #49442; and Valerie Lynn Greys, No.#19.,
at 1075 W. Laketon Nevada, Avenue, in Muskegon, Michigan #49441; (2) The
plaintiff suffered a deprivation, when defendants sent out Fifteen (15)
Thousand Letters, to plaintiff's other tenants to have plaintiff's tenants
file a **"False Police Report"**, contrary to MCL § 750.411a(1)(b), that plaintiff
had committed first degree criminal sexual conduct, contrary to MCL § 750.
520b(1), that would likely deter First Amendment activity in the future, and
because defendants claimed plaintiff had harassed **"Female Tenants Of His
Properties"**, and; (3) The First Amendment activity was "at least a motivating
Factor", in the Defendants initiating the Fair Housing Act Violation, in

which the defendants knew or reasonably should have known was a violation of the plaintiff's Constitutional Rights, in which the plaintiff has suffered prejudice to his business reputation.

3). On October 9, 2017, the plaintiff was denied his First Amendment Rights To Petition The Government For Redress Of Grievances, when the Defendant Jeffrey Allen Conley, No.#16., did make an assault, contrary to MCL § 750.81(1), or an assault and battery, contrary to MCL § 750.81, upon plaintiff Darrell D. Jones, in which defendant Kathryn H. Norton, No.#5., filed the complaint in People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, but did not conclude the prosecution in which she violated the plaintiff Fourth Amendment Rights, where the plaintiff was seriously injured in the attack, in which the defendants knew or reasonably should have known was a violation of the plaintiff's Constitutional Rights, in which the plaintiff has suffered prejudice to his business reputation.

4). On October 12, 2017, in The People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, the Defendant Dale J. Hilson, No.#4., acknowledged the plaintiff was denied his First Amendment Rights To Petition The Government For Redress Of Grievances, when the Defendant Jeffrey Allen Conley, No.#16., did make an assault, contrary to MCL § 750.81(1), or an assault and battery, contrary to MCL § 750.81, upon plaintiff Darrell D. Jones, in which defendant Kathryn H. Norton, No.#5., filed the complaint in People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, but did not conclude the prosecution in which she violated the plaintiff Fourth Amendment Rights, where the plaintiff was seriously injured in the attack, in which the defendants knew or reasonably

should have known was a violation of the plaintiff's constitutional Rights, in which the plaintiff has suffered prejudice to his business reputation.

**November 13, 2017, Letter From Doctor Nicho**
**Vandenbosch Mercy Health Physician Partners**

5). On November 13, 2017, Doctor Nicho Vandenbosch, wrote this letter pertaining to the plaintiff's Darrell D. Jones, medical condition after his injuries suffered on October 9, 2017, stated:" **To whom it may concern - I am the primary care physician for Darrell Jones (Date of Birth 02-16-1963). 'Following his alleged assault on October 9, 2017, he has had significant worsening in his neurologic functioning. A month has gone by, and yet patient is still unable to communicate verbally in a comprehensible way, much less follow commands or execute complex tasks throughout his day. This is a dramatic change from his baseline, and it is unclear at this point if or when he will be able to resume some of the tasks that he previously performed with ease (i.e. care of self-hygiene, driving, working as a business owner). Please consider these factors when dealing with any legal proceedings related to his alleged assault. Feel free to contact my office with any questions or concern.'"** See (Attached Letter From Doctor Nicho Vandenbosch, Dated 11-13-2017).  In which the defendants Dale J. Hilson, No.#4., and Kathryn H. Norton, No.#5., knew or reasonably should have known was a violation in The People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, of the plaintiff's Constitutional Rights, in which the plaintiff has suffered prejudice to his business reputation.

6). On November 1, 2017, the Defendant Benjamin L. Medema, No.#6., in The People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-9245-FY, filed a felony complaint against the Defendant Jeffrey Allen Conley, No.#16., that charged defendant with Five (5) separate counts: (1) Firearms Possession By Felon, contrary to MCL § 750.224f; (2) Carrying Concealed Weapons, contrary to MCL § 750.227; (3) Assault With A Dangerous Weapon (Felonious Assault) did make an assault upon Plaintiff Darrell D. Jones, with a dangerous weapon, to-wit: a pistol, but without intending to commit the crime of Murder, contrary to MCL § 750.316, or to inflict great bodily harm less than the crime of Murder, contrary to MCL § 750.82; (4) Weapon - Felony Fireare, contrary to MCL § 750.227b; and (5) Habitual Offender - Fourth Offense, contrary to MCL § 769.12. The plaintiff was denied his rights to petition the government for the redress of grievances, in which the defendants knew or reasonably should have known was a violation of the plaintiff's Constitutional Rights, in which the plaintiff has suffered prejudice to his business reputation. See (Attached Complaint and Docket Sheet Pertaining To This Case).

7). On October 16, 2017, the plaintiff was denied his First Amendment Rights To Petition The Government For Redress Of Grievances, when the Defendants Jeffrey Allen Conley, No.#16., and Tyree Ladon Edwards, #270389, No.#17., did make an assault, contrary to MCL § 750.81(1), or an assault and battery, contrary to MCL § 750.81, upon plaintiff Darrell D. Jones, in which defendant Kathryn H. Norton, No.#5., filed the amended complaint misdemeanor and warrant misdemeanor, in People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, who was not fully prosecuted for injuring the plaintiff Darrell D. Jones, but Tyree Ladon Edwards, #270389, in The People Of The State Of Michigan v. Tyree Ladon Edwards, #270389, Case No.#17-18-8745-SM, was charged and prosecuted. See (Attached Complant and

15

Warrant, and Docket Sheet). The plaintiff was denied his rights to petition
the government for the redress of grievances, in which the defendants knew
or reasonably should have known was a violation of the plaintiff's
Constitutional Rights, in which the plaintiff has suffered prejudice to his
business reputation, at the time defendants injured plaintiff on October 9,
2017.

8). On October 12, 2017, in The People Of The State Of Michigan v.
Tyree Ladon Edwards, Case No.#17-18-8745-SM, the Defendant Dale J. Hilson,
No.#4., acknowledged the plaintiff was denied his First Amendment Rights To
Petition The Government For Redress Of Grievances, when the Defendants
Jeffrey Allen Conley, No.#16., and Tyree Ladon Edwards, #270389, No.#17.,
did make an assault, contrary to MCL § 750.81(1), or an assault and battery,
contrary to MCL § 750.81, upon plaintiff Darrell D. Jones, in which defendant
Kathryn H. Norton, No.#5., filed the complaint in People Of The State Of
Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, but did not
conclude the prosecution in which she violated the plaintiff Fourth Amendment
Rights, where the plaintiff was seriously injured on October 9, 2017, with
a (**Brain Concussion**) as noted in the Mercy Health - Hackley Campus Emergency
Services Discharge Instructions, dated October 17, 2017, from the attack,
in which the defendants knew or reasonably should have known was a violation
of the plaintiff's Constitutional Rights, in which the plaintiff has suffered
prejudice to his business reputation.

9). On May 24, 2018, in The People Of The State Of Michigan v. Gregory
Earl Dixon, Case No.#18-00-0568-FH, the Honorable Annette R. Smedley,
sentenced. See (Attached Judgment Of Sentence, Filed 5-30-2018), the defendant
for filing a False Police Report of A Felony, contrary to MCL § 750.411a(1)
(b), where defendant Gregory Earl Dixon, did intentionally make a false

16

police report of the commission of a felony, on November 1, 2017, of an
Assault With A Dangerous Weapon, to a peace Officer of the Muskegon Police
Department, that defendant had seen defendant Jeffrey Allen Conley, No.#16.,
pull **GUN**, on the Plaintiff Darrell D. Jones, but changed his story, after
defendant learned that the plaintiff, was evicting defendant from the
plaintiff, property at 1449 Terrace Street, Apt. #1., in Muskegon, Michigan
#49442, knowing that the report was false. See (Attached Summons Landlord -
Tenant/Land Contract, signed by Court Clerk/Officer on 1-10-18). On January
3, 2018, the Defendant Matthew J. Roberts, filed the Criminal Complaint in
The People Of The State Of Michigan v. Gregory Earl Dixon, Case No.#18-00-
0568-FH, because the Defendant Matthew J. Roberts, failed in getting the
Defendant Gregory Earl Dixon, to file a False Police Report, on the plaint-
iff Darrell D. Jones. The plaintiff was denied his rights to petition the
government for the redress of grievances, in which the defendants knew or
reasonably shound have known was a violation of the plaintiff's
Constitutional Rights, in which the plaintiff has suffered prejudice to his
business reputation, at the time defendants injured plaintiff on October 9,
2017, and November 1, 2017. See (Attached Complaint and Warrant, Signed
On 1-3-18).

10). On October 16, 2017, in Darrell D. Jones v. Valerie Lynn Graves
(Greys), Case No.#2017-038436-LT, the Defendant Valerie Lynn Greys, No.#19.,
who lived in one of the plaintiff's rental units, at 866 E. Isabella Avenue,
in Muskegon, Michigan #49442, filed a false Fair Housing Act Violation,
against the plaintiff, in which the defendant knew or reasonably should
have known was a violation of the plaintiff's First Amendment Constitutional
Rights, in which the plaintiff has suffered prejudice to his business
reputation.

Second Cause of Action
**Count-II**

Defendants denied the plaintiff his First Amendment Rights to
practice his religion as a member of the Son of Man secular beliefs
and practices (Mark 14:¶21) and to be free from retaliations by his
government officials and defendants violated the Fourth Amendment Rights
of plaintiff to be secured in his person, houses, papers, and effects,
against unreasonable searches and seizures, shall not be violated, and no
warrants shall issue, but upon probable cause, supported by oath or
affirmation, and particularly desciding the place to be searched, and
the persons or things to be seized, when defendants violated plaintiff
Fifth, Sixth, and Fourteenth Amendment Rights


B. **Defendants Denied Plaintiff His First, Fourth, Fifth,
Sixth, And Fourteenth Amendment Rights**


11). The plaintiff adopt and an incorporate herein by reference
¶1 through 10, as if those paragraphs were fully setforth [below]in this
complaint, and an allege and reallege in the following paragraphs that:


12). On December 11, 2017, the Defendants Logan Anderson, No.#11., and
Nate Baker, No.#12., denied the plaintiff his First Amendment Rights to
practice his religion as a member of the Son of Man secular beliefs and
practices (Mark 14:¶21) and to be free from retaliations: (1) Plaintiff will
show this court that on December 11, 2017, he was engaged in business with
his home investment business, Jones Investing, LLC, activity protected by
the First Amendment. On December 1, 2017, Defendant Dayata Totten, No.#14.,
filed a Police Report, with the Muskegon County Police Department, an alleged
that on December 1, 2017, the Defendant Jeffrey Allen Conley, No.#16., had
committed a First Degree Criminal Sexual Assault, contrary to MCL § 750.520b,
against her, when she stated: **"I was coming inside my house and Jeffrey
Conley, pushed his way in from behind me. 'He then began to tussel with me
and tried to raped me and put his penis in my mouth. I was able to grab my
phone and tell him I was calling the cops. He ran off.'"** See (Attached

18

Statement; Dated 12-1-17); (2) The plaintiff suffered a deprivation, by his government officials and defendants violated the Fourth Amendment Rights of plaintiff to be secured in his person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized, and (3) The First Amendment activity was "at least a motivating factor", in the Defendants Sameena Majeed, No.#1., Onjil McEachin, No.#2., John David Gardiner, No.#3., Dale J. Hilson, No.#4., Kathryn H. Norton, No.#5., Benjamin L. Medema, No.#6., Mary E. Farrell, No.#7., Matthew J. Roberts, No.#8., John R. Beason, No.#9., Kevin John Wistrom, No.#10., Logan Anderson, No.#11., Nate Baker, No.#12., and John Doe, No.#13., when defendants violated plaintiff Fifth, Sixth, to get and have Defendants Dayata Totten, No.#14., Sequoia Totten Randle-EL, No.#15., Jeffrey Allen Conley, No.#16., Tyree Ladon Edwards, #270389, No.#17., Gregory Earl Dixon, No.#18., and Valerie Lynn Greys, No.#19, to file a **"False Police Report"**, contrary to MCL § 750.411a(1)(b), against the plaintiff, with intent to cause the plaintiff injury, and violated plaintiff's Fourteenth Amendment Rights, in which the defendants knew or reasonably should have known was a violation of plaintiff's Constitutional Rights, in which the plaintiff has suffered prejudice to his business reputation.

13). On February 29, 2016, Defendant Dayata Totten, No.#14., filed a Muskegon County Police Report, against the Defendant Jeffrey Allen Conley, No.#16., in which the Officer wrote:"I was dispatched to the residence, 32 W. Forest Avenue, in Muskegon, Michigan #49441, for a domestic. I arrived and met with Dayata Totten. Dayata, stated her ex-boyfriend Jeffrey Conley, came to the house knocking on the door. Dayata, does not want him at her house so she called the police. Jeffrey, left prior to officers arrival.

Dayata, stated Jeffrey, has made treats in the past so she does not want him over. Officers Actions: I advised for Dayata, to call 911 if Jeffrey, returns. I also explained to Dayata, that if she feels these threats are valid that she may want to consider a [PPO] against Jeffrey. I cleared. C. Anderson, [41]. See (Attached Police Report; Dated 2-29-16). On March 7, 2016, Dayata, filed another Muskegon County Police Report, against Jeffrey Allen Conley, that said: Desk received an UNSERVED PPO on Court Case No.#16-00-1131-PP, against Jeffrey Allen Conley, 02-28-1984. He is not to bother Dayata Totten. He is not to enter onto 32 W. Forest. He is not to purchase or possess a firearm. Order expires 12-31-2016, per Judge Pittman. LEIN entry completed. Officer J.S. La Brenz (0). On December 14, 2016, A Case Supplemental Report, was done that said: Desk received an Order to Extend a PPO on Court Case No.#16-00-1131-PP, against Jeffrey Allen Conley. The new expiration date is 1-31-2017, per Judge Gregory Pittman. LEIN modification completed. M. Deephouse. See (Attached Police Report; Dated 3-7-16). On March 26, 2016, Dayata, filed another Muskegon County Police Report, against Jeffrey Allen Conley, Officer Bonebrake [12] stated: I was dispatched to Royal Glen, for a civil dispute between Conley, and Totten, over visitation. I spoke to Totten, and she said that she was not allowing Conley, to take their child at this time as she was having a Birthday Party, with her Family. Totten, said that Conley, left just prior to my arrival and there was no longer a need for the police. Complaint closed. See (Attached Police Report; Dated 3-26-16). On July 11, 2016, Dayata, made two (2) Muskegon County Police Reports, against Jeffrey Allen Conley, Officer Joshua Rybak [50], stated: I responded to the above location reference a domestic. I met with the caller DAYATA TOTTEN, who advised her ex-boyfriend JEFFREY CONLEY, keeps driving by her house and she does not want him there. Dayata, stated there was no assault and no threats. Dayata, stated she has an unserved PPO on Jeffrey, which I

20

confirmed in LEIN. I was advised Jeffrey, now lives somewhere on Leahy, but unknown where. Dayata, was advised to call back if he returns. I took no further action. See (Attached Police Reports; Dated 7-11-16). On July 11, 2016, Officer, S.G. Liskey, [0] wrote: I met with caller Totten, who stated that Conley, had come to her house tonight. She has an unserved PPO on him at this time. She said that tonight he wanted in and she would not let him in. She advised that their relationship ended some time ago and he just doesn't seem to be able to accept that fact. She said he threatened to damage her car tonight, but did not. She said he left walking but she does not know where to. She said he just lives from place to place as far as she knows. Officers checked the area but were not able to Conley. No assault and no damaged property were reported. Closed Liskey. See (Attached Police Reports; Dated 7-11-16). On August 8, 2016, Dayata, filed two (2) more Muskegon County Police Department, against Jeffrey Allen Conley, Sergeant T. Fine, wrote: This officer responded to 32 W. Forest Avenue, on a domestic-PPO violation. Upon arrival I spoke with caller Dayata Totten. She said prior to my arrival the Father of her child, Jeffrey Conley, was at her house. Totten, said she heard a knock on the front door and looked outside. She said Conley's cousin was there. Totten, said she saw Conley, sitting in the drivers seat of a truck parked across the street. She said they left prior to my arrival. Totten, said she hasn't been with Conley, for almost two (2) years and thinks he lives somewhere in Muskegon Heights. She said she has a PPO on him but it hasn't been served. I told her this incident would be documented and call back if he returned. LEIN showed. I checked with JAN at the from desk and the file didn't show any proof of service on Conley. The system shows her name spelled DAYATA. She told me it was DAYATA. No further action on this. See (Attached Police Reports; Dated 8-8-16).

On August 8, 2016, Dayata, filed this second Muskegon County Police Report, on the same day, against Defendant Jeffrey Allen Conley, No.#16., the police stated: I responded to the listed address on domestic assault report. The suspect left the scene: Return call...btwn and child's father (Jeffrey Conley) bm wht shirt...drk jeans...has left twd peck in Tahoe Truck.... He pushed door open...cmp was aslted...ref med...[08-08-16 22:22:59 MCDDLB1] Unk weap...No intox...kids present [08-08-16 22:14:24 MCDDLB1]. On location I made contact with Dayata Totten. Totten, told me that she was assaulted by her estranged boyfriend Jeffrey Conley. Earlier today, at 1327hr, Totten, reported to the police that Conley, knocked at her door and then sat in a vehicle in front of the house; 2016-16287. Totten, told me that she was in a dating relationship with Conley, for [5 years]. They broke up [1.5 years ago]. They have a child in common. They do not live together. Totten, stated that there is an unserved PPO in place. Totten, told me that she heard someone knocking at the door. When she asked who it was a male voice used Totten's step-father's name. Totten, opened the door and saw Conley. Totten, tried to close the door. Conley, was attempting to force his way inside. Conley, swung at Totten, and hit Totten, once on the top of the head. Totten, was able to close and lock the door. Totten, did not have any visible injuries. There were no witnesses, to the incident. Totten, did not know where Conley, resides.His last listed address in RMS is 32 W. Forest. Totten, gave me Conley's, phone number; I attempted to make contact with Conley, via TX/CPD, but, was informed that the caller was not accepting calls at this time. Totten, provided a written statement. She was given a victim rights card. At this time there is no corroborating evidence to the reported assault. I will make additional attempts to contact Conley. I attempted to make contact with Jeffrey Conley, via TX. After calling the number it would appear that the number is no longer in service.

It is unlikely that Conley, will make contact with law enforcement voluntarily. Given that there is no supporting evidence to the reported assault this case can be closed.See (Attached Second Police Report; Dated 8-8-16). On August 9, 2016, Dayata, filed a Muskegon County Police Report, that said: I was sent to 32 W. Forest, for a domestic report. Upon arrival I spoke to Dayata Totten. Totten, stated that a Jeffrey Conley, just left a Burgundy Tahoe. Totten, has a PPO on Conley. (Confirmed On Lein). Totten, stated that she has a child in common with Conley. Totten, added that,that Conley, was just out of prison, and is a drug dealer. Totten, also stated that Conley, always carries a gun. Conley, was gone before my arrival. Totten, did not have a plate to the vehicle and stated that Conley, lives somewhere in the Heights. I told Totten, to report this incident to the Judge, that signed the PPO. Also to call [911] if Conley, returns. See (Attached Police Report; Dated 8-9-16). On November 19, 2016, Dayata, filed another Muskegon County Police Report, and the Officer, wrote: Officers were dispatched to the listed address on a PPO violation. It was found that the PPO was unserved. Jeffrey Conley, was not to be there knocking on the door, but left before we arrived. Upon arrival I spoke with the caller, Dayata Totten, and advised her that the PPO needs to be served. If he is avoiding service she needs to go back to the Judge, and explain this. This complaint can be closed. See (Attached Police Report; Dated 11-19-16). On November 25, 2016, Dayata, filed a Muskegon County Police Report, said that: I spoke with Ms. Totten, about an event which took place at 6:00 a.m., this morning. Ms. Totten, said her child's father had been knocking on her door. Mad because Ms. Totten, did not let Conley, see his daughter, on Thankgiving day. Ms. Totten, has a PPO that has not been served. Conley, is aware of the PPO, and has been shown the paperwork, but refuses the copy. Ms. Totten, could not provide a home address for Mr. Conley. Live in Muskegon Heights, and drive a vehicle with MI [Plate DMR2554]. Vehicle returns out of Grand Rapids, MI. No contact

with Conley. See (Attached Police Report; Dated 11-25-16). On March 26, 2017, information: I was dispatched to 32 W. Forest, regarding a Dayata Totten, PPO violation. The complainant has a PPO against childs father ... Jeffrey Conley ... is currently outside complainant house ... in a cream colored Cadillac [03-26-17 16:35:33 MCDAEG1] Jeffrey, did knock on complainant door [03-26-17 16:35:50 MCDAEG1] sitting out front of the house in the vehicle [03-26-17 16:36-04 MCDAEG1] Jeffrey, is a Black Male ... Brown Hoodie ... Blue Jeans [03-26-17 16:36:48 MCDAEG1] UDTS: Officer Advised [03-26-17 16:36: 48 MCDAEG1]; [03-26-17 16:36:49 MCDTJW1]. I arrived on scene and spoke with Dayata Totten. Totten, stated that there is a PPO and that Jeffrey Conley, had come to the house and knocked on the door. I told Totten, to keep her doors locked and to call if Conley, comes back. Disposition: Closed. See (Attached Police Report; Dated 3-26-17). On March 26, 2017, a second Muskegon County Police Report, was filed by Dayata, regarding a civil dispute with Jeffrey Conley, which the police stated as information: At approximately 1826 hrs I was approached in the parking lot at MUPD by Jeffrey Conley. Jeffrey, advised he would like a report made for a violation of a custody agreement. Jeffrey, was advised that MUPD officers do not intervene in this matter. He stated he was aware but would still like documentation so she doesn't call the police on him. Conley with Jeffrey: Jeffrey, stated that his child's Mother Dayata Totten, was supposed to have their child in common dropped off at 1:00 P.M., Jeffrey, advised that he was supposed to get three (3) hours to spend with the child for its [sic] her birthday. He stated that Dayata, did not have the child ready until nearly 3:00 P.M. Officer Action: Jeffrey, stated that he would handle the matter in Court. I provided him with this report number for reference. No wants and no assault. Cleared. See (Attached Police Report; Dated 3-26-17).

24

On March 28, 2017, Dayata, filed a Muskegon County Police Report, that said: Desk received this SERVED PPO against JEFFREY CONLEY. Jeffrey, is not to bother Dayata Totten, or enter onto 32 W. Forest, per Judge Pittman. This order was extended from a previous order that expired. Desk never received this extention which is dated January 10, 2017. This PPO now expires on April 15, 2017. LEIN Entry complete. See (Attached Police Report, Dated 3-28-17). On April 20, 2017, Muskegon County Police Officer, said the information below is confidential - for use by authorized personnel only. Desk received a cancellation for this PPO. See (Attached Police Case Supplemental Report; Dated 4-20-17).

## MUSKEGON HEIGHTS POLICE DEPARTMENT REPORTS ABOUT JEFFREY CONLEY

On May 16, 2017, Crystal Ann-Marie Jenkins, called the Muskegon Heights Police Department, Report Number 2017-01606, to her home at 2821 9th Street, in Muskegon Heights, Michigan #49444, about Jeffrey Conley, because the defendant had a gun. The other individuals mentioned in this police report, will not be discussed. In part relative to Jeffrey Conley, only the report, said: Observations, upon arrived I observed five (5) male subjects standing in front of the residence. As Officer Everson, and I approached the male subjects they all began attempting to leave the area. One (1) of the males ran on foot west behind the residence, 2821 9th Street. Officer Everson, gave chase to him. I stayed with the remaining four (4) subjects and instructed them to put their hands, above their heads, and to stay in place. One (1) male subject, Jeffrey Conley, took off running south on 9th Street. I, yelled for Jeffrey, to stop. Jeffrey, continued running. The remaining subjects were placed in handcuffs, until Officer Everson, could advise on their status. The remaining three (3) subjects were identified as Michael Anderson, Keith Bell, and Christopher Carter. Michael and Keith, both stated they both just

25

arrived and did not know what was going on. Michael and Keith, were released.
Contact with Christopher Carter (I/O): Christopher, stated he observed
Jeffrey, with a gun. Christopher, stated Jeffrey, placed the gun in a black
bag on side of the residence, at 2821 9th Street, prior to our arrived. (No
gun in a black plastic bag was located.) Christopher, stated his sister,
Crystal Jenkins, and Jeffrey, had been arguing about the residence, at 2821
9th Street, for the last two (2) days. Christopher, stated he did not know
anything else. The disposition: A warrant request for Jeffrey Conley, was
filed for resisting and obstructing. On May 16, 2017, a statement from
Antonio Waller, was taken, and Antonio, stated that he was at this address
with his daughter, who was playing with his cousins daughter. He said
Jeffrey Conley, is his cousin and lives at the above address. He stated that
he did not know what was going on and only ran because he knew he had
warrants. Antonio, denied ever having a gun. A subsequent statement was taken
from Crystal Jenkins, Crystal, stated that she felt her life was in danger.
She said she just moved into the above address. She said she let Jeffrey
Conley, move in with her, but found that he was selling drugs out of the
house, and wanted him to move out. She said he then started threatening her
by racking his gun when passing her and stating that he was going to kill
her. Crystal, stated that she knew Jeffrey, had two (2) guns, but could not
describe them. She said one was placed in a black bag, and the other had,
been wrapped in a Wal-Mart bag. Crystal, could only say that if you are
looking down the barrel the gun looks like it has (2) holes from that angle.
She also thought one (1) of the guns, may have been passed off to the driver
of a newer Burgundy Crysler, with a paper plate. Actions taken: After
returning from chasing Antonio, I learned that Jeffrey, had also ran from
the scene and was unable to locate him. Officer Perez, did submit a warrant
request for Jeffrey, on the charge of R/O. See Officer Perez's, supplemental

for further information. At this time Antonio, was placed under arrest for Carrying Concealed Weapon (CCW), Felon in Possession of Firearm, R/O. I also confirmed that he had two (2) warrants. I transported Antonio, to the Muskegon County Jail (MCJ), and cleared this call. See (Attached Muskegon Heights Police Report; Dated 5-16-17). On August 4, 2017, the Muskegon Heights Police Department, was called to 2998 Henry Street/West Summit Avenue, Norton Shores, Michigan #49444, for Obstructing Justice. On August 4, 2017, the Defendant Jeffrey Allen Conley, No.#16., ran to Defendant Sequoia Daviya Totten, No.#15., house, after Officer Robert J. Kooi, and Officer Shaun Kozal, arrested Jeffrey Allen Conley, for **WEMET** because **WEMET** was informed and stated they also had info that Jeffrey Allen Conley, was **Carrying a handgun and narcotics on him.** Conley, was turned over to **WEMET** who was going to submit all charges on Conley. See (Attached Police Report; Dated 8-4-17). On September 27, 2017, Demario Keshawn Carter, called the Muskegon Heights Police Department, to his residence for reasons that Defendant Jeffrey Allen Conley, No.#16., had been Intimidation/Stalking him.  Demario Keshawn Carter, home address is: 3229 Leahy Street, in Muskegon Heights, Michigan #49444. On September 27, 2017, at 19:11:28 hours Officer Scott A. Everson, stated: I was dispatched to 3229 Leahy, for the report of threats. I arrived and met with the caller Demario Carter. Demario, stated that the incident happened at 3012 9th Street. On this day. Demario, stated he was at this location to speak with a family member, and did not know Jeffrey Conley, was there. He said he has had issues with Jeffrey, in the past and would not have gone there knowing Jeffrey, was there. He said Jeffrey, started arguing with him and mentioned "I'll have you robbed, bitch," and that he would shoot him. Demario, stated that he wanted to make a report because he feels it could be related to another incident. He said he was recently shot in the stomach, and is currently going to court on this case.

27

He stated that Jeffrey, is related to the shooter, and does not know if he will follow though with the threats. I advised Demario, how to get a PPO and then cleared. See (Attached Police Report; Dated 9-27-17). On November 20, 2009, the Muskegon Heights Police Department, was called to the location of incident, 2931 Elizabeth Court, in Muskegon Heights, Michigan #49444, that pertained to a Larceny. Two (2) Muskegon Heights Police Officers, Maurice A. Sain, and Calvin J. Mahan, reported, that on the above date and time, I was dispatched to 2931 Elizabeth Court, for an Larceny Complaint. Upon my arrival I made contact with Dayata Totten. Ms. Totten, stated that she and her boyfriend Jeffrey Conley, got into an argument because she wanted to go get her nails done and he wanted to leave and go do something himself. Totten, said that she left anyway and Conley, called her and stated that he was getting his stuff and leaving and she told him that was fine. Totten, said that when she returned home she observed that Conley, had taken his clothing along with several new outfits of hers. Totten, said that Conley, also took shoes and boots, that belonged to her and a purse. Ms. Totten, said that she and Conley, had split the winnings of a lottery ticket that valued [$5,000.00] dollars. Totten, said that Conley, took her share that was [$2,500.00]. Totten, and Conley, was living together and had been dating for [7 Months]. Totten, said that Conley, stated to her that he took those items, because he bought them. Totten, stated that she paid for her own things, and they split the cost for the lottery ticket that was [$12.00]. I was not able to locate Mr. Conley, for questing. I advised Ms. Totten, that this could very well be a civil suit. Officer, cleared with out further incident. A prosecutor review form was completed and turned in with this report. Officer Maurice Sain [440]. On November 23, 2009, at 08:44:51 hours, this complaint was assigned to Investigator Calvin J. Mahan, me and I did the following: On November 23, 2009, at 0820 hours I called the phone number listed for the suspect, Jeffrey

28

Conley, in this report and in doing that I spoke with Niya Pipkins, who advised me that she was Conley's, cousin and that he lives at her house most of the time, at 1215 Amity. She indicated that Conley, was not at home this morning, but that he should be calling or stopping by sometime today. She advised that she would get a hold of Conley, and give him the message to call me. On November 24, 2009, at 1445 hours I spoke with the suspect, Jeffrey Conley, on the phone and he gave me the following statement. He stated that later that night he went back to Dayata's, house and returned the money, and clothing, to her. He indicated that their issues have been resolved. On November 25, 2009, at 1240 hours I spoke with the victim, Dayata Totten, concerning this incident and she gave me the following statement. She advised that after she had made the police report Jeffrey, came back to her house, and gave her the money, and clothing back. She indicated that she had come up to police department and requested that this complaint be cancelled. At this point she requests that this complaint be closed out. Upon speaking with the victim, Dayata Totten, she advised that her money, and clothing, have been returned to her by Jeffrey Conley, and that she does not want any charges brought against Jeffrey. See (Attached Police Report; Dated 11-20-09). On December 1, 2017, the Plaintiff Darrell Dwane Jones, called the Muskegon Heights Police Department, to the location of incident at 2499 Peck/E Hume Avenue, in Muskegon Heights, Michigan, for the crime of Aggravated/Felonious Assault, and the Crime of Damage to Property. Officer Brandon G. Dekuiper, filed the following information said: I was dispatched to the area of Hume/ Peck. The caller, Darrell Jones, stated that a known man shot at him 2-3 times. Darrell, also stated that he left the area, was too scared to return to Muskegon Heights. Darrell, requested a phone to report the crime. After two (2) attempts to call Darrell, both calls went right to voicemail. I was later informed that Darrell, wanted to meet an Officer, at Toombs Funeral Home [2108 Peck Street]. Contact was made with Darrell. Darrell, advised

he was driving down Peck Street, in the area of Hume/Peck Street, when he noticed Jeffrey Conley, sitting in a Burgundy, Suburban Style Vehicle, at the corner. Darrell, stated Jeffrey, took off chasing him north on Peck. Darrell, stated he owned a bunch of rental property in the area. Jeffrey, has an issue with him because he was dating/living with his Niece at one (1) of his (Darrell) rentals, and Jeffrey, was selling drug out of it. Darrell, wanted Jeffrey, out of this rental home, and told his Niece he going to put her out if she did not put Jeffrey out, which Darrell's, Niece kicked out Jeffrey. Jeffrey, followed Darrell, as Darrell, tried to drive away from Jeffrey. Jeffrey, sped up trying to get next to Darrell's, pickup on the driver side, but Darrell, would speed up preventing Jeffrey. Jeffrey, was able to pull up next to Darrell's, pickup near the rear, and shot at Darrell, truck, hitting the pickup's left truck bed fender. Darrell, said he seen Jeffrey, with a gun, but could not say what color it was or how big the gun was. Darrell, stated it never crossed his mind of driving to the Heights Police Department, stating he had other things to worry about. Darrell, also stated that he did not see anyone else in the Car, with Jeffrey. Darrell, also stated he was [100%] sure it was Jeffrey, driving the Burgundy, Suburban Style Vehicle, because he made eye contact with Jeffrey. My body camera was on and recording the incident. A picture of Darrell's, damaged truck, was taken and added to the report. An area search was done and no spend casing were located. Also Jeffrey, was run through LEIN and it was noticed Jeffrey, has a felony for weapons offense (weapons - firearm - possession by felon) arrest warrant out of Muskegon Police Department, report 17-25139. According to Muskegon County Police Department Report, Darrell, was threatened by Jeffrey, stating **"I'm going to kill you"** then showing Darrell, the gun. It is also noted in the report that Jeffrey, had chased Darrell, around town in his vehicle. Also in the report it's reported

30

that Darrell Jones, believes Jeffrey Conley, had threatened him because
he is supposed to testify against Jeffrey Conley, in an court case, regarding
a prior assault Muskegon County Police Department (MUPD 2017-23343). Darrell,
also has a PPO in LEIN against Jeffrey Conley. Darrell's, pickup truck was
looked over and the **BULLET** was not located. An area search for security
camera was done, but no cameras were located. Officer DeKuiper [450] stated:
I attempted and was unable to make contact with Jeffrey Conley. Disposition.
I cleared with nothing further and submitted a warrant request to the
prosecutor's office for felonious assault. See (Attached Police Report;
Dated 12-1-17). The Defendants Dale J. Hilson, No.#4., Kathryn H. Norton,
No.#5., Benjamin L. Medema, No.#6., Mary E. Farrell, No.#7., Matthew J.
Roberts, No.#8., Attorney John R. Beason, No.#9., Attorney Kevin John
Wistrom, No.#10., Detective Logan Anderson, No.#11., Detective Nate Baker,
No.#12., Detective John Doe, No.#13., and Current Prisoner Jeffrey Allen
Conley, No.#16., all knew that Jeffrey Conley, had committed all these acts
and criminal acts against the plaintiff, and others, and did nothing at all
to protect the plaintiff and other citizens of Muskegon County Michigan, in
which the defendants knew or reasonably should have known that defendants
violated the plaintiff's First Amendment Rights to petition the government
for the redress of grievances; to practice the plaintiff's religion as a
member of the **Son of Man** secular beliefs and practices (Mark 14:¶21); and to
be free from retaliations by his government officials; The defendants
violated the Fourth Amendment Rights of plaintiff to be secured in his person,
houses, papers, and effects, against unreasonable searches and seizures,
shall not be violated, and no warrants shall issue, but upon probable cause,
supported by **oath** or **affirmation**, and particularly describing the place to
be searched, and the persons or things to be seized; The Fifth Amendment
applies to every level of the government, including the federal, state, and

31

local levels, as well as any corporation, private enterprise, group, or individual, or any foreign government in regards to a US citizen or resident of the US. The Supreme Court furthered the protections of this amendment through the Due Process Clause of the Fourteenth Amendment. The Fifth Amendment creates a number of rights relevant to both criminal and civil legal proceedings. In criminal cases, the Fifth Amendment guarantees the right to a grand jury, forbids double jeopardy, and protects against self-incrimination. It also requires that **"due process of law"** be part of any proceeding. The Sixth Amendment guarantees the right of criminal defendants, including the right to a public trial without unnecessary delay, the right to a lawyer, the right to an impartial jury, and the right to know who your accusers are and the nature of the charges and evidence against you. The plaintiff has suffered prejudice to his business reputation.

14). On January 2, 2018, the Wife **Fátĩmã Jónës**, of Plaintiff Darrell Jones, wrote a message to Defendant Attorney John R. Beason, No.#9., that said Hello Mr. Beason. It was a pleasure speaking with you today. We are requesting that you obtain the phone records of Jeffrey Conley, on December 1st, 2017, between the hours of 12:00 P.M., and 2:00 P.M. Also his records during the time that Dayata Totten, made her ... separate police report, on December 1st, 2017, regarding her and Jeffrey Conley. We retraced the chase and found that the City of Muskegon Heights, has video cameras on [Peck and Sherman, and Sherman, and Sanford Streets]. Also, there are cameras in front of the Middle School, that would show he (Jeffrey Conley) was here in Muskegon. We believe his phone records will be enough to recharge him with shooting at my Husband. Any local businesses could possibly have [**Video**] of the area as well. We went to [**Shell's Gas Station**], it could be another name, and asked about the [**Video**]. We did this because the chase went

32

through that [**Gas Station**]. We request to see these [**Videos As Well If
Possible**]. Officer DeKuiper, of the Muskegon Heights Police Department, took
the report and may be able to follow-up with these requests. Please call
Cell: (231)-457-5976; and Home: (231)-744-8753, anytime if you have any
questions or concerns or if you need to advise us of anything. The only
person who needs to take a polygraph is Jeffrey Conley. He's making a fool
out of the Muskegon County Prosecutor's Office. Thank You. See (Attached
Fatima Jones, Letter-Message To Attorney John R. Beason; Dated 1-2-18). The
Defendants Matthew J. Roberts, No.#8., and John R. Beason, No.#9., and
Kevin John Wistrom, No.#10.,  moved to have Defendant Dayata Totten, No.#14.,
say the Plaintiff Darrell Jones, had put her up to filing a False Police
Report, contrary to MCL § 750.411a(1)(b), against Jeffrey Conley, No.#16.,
in which she claimed that Jeffrey Conley, had Criminal Sexually Assaulted,
contrary to MCL § 750.520b, her, to keep from prosecuting Defendant Jeffrey
Conley, No.#16., for the Assault with intent to commit murder, contrary to
MCL § 750.83., that Conley, had committed on December 1st, 2017, against the
plaintiff Darrell Jones, in which the defendants knew or reasonably should
have known was a violation of Plaintiff Darrell Jones's, First, Fourth, Fifth,
Sixth, and Fourteenth Amendment Rights, in which the plaintiff has suffered
prejudice to his business reputation.


15). On December 1st, 2017, the Defendant Dayata Totten, No.#14., called
the Muskegon County Police Department, and filed a Police Report, against
the Defendant Jeffrey Conley, No.#16., pursuant to MCL § 750.411a(1)(b). The
two (2) Officers Robert Dudka, and L.C. Anderson, said at approximately 2340
hours I responded to a call of domestic violence. On arrival I made contact
with the caller ID as Dayata Totten. Dayata, said that she had just gotten
home from dropping her kids off. Dayata, said that as she was entering her
residence her ex-boyfriend who she ID as Jeffrey Conley, No.#16., pushed her

33

from behind into the residence. She said that Jeffrey, pushed her all the way into the living room onto the couch. Dayata, said that Jeffrey, was pulling on her clothes and saying explicit comments such as **"In gonna get me some".** Dayata, said that he pulled her pants about half way down and attempted to rip her shirt off. Dayata, said she still had her underwear on and no penetration happened. Dayata, said that Jeffrey's, penis was out of his pants and fully erect. She said that Jeffrey, was trying to get her to perform oral sex. This was a First Degree Criminal Sexual Conduct, contrary to MCL § 750.520b. Dayata, said that she was yelling at Jeffrey, to stop the whole time, and that she managed to get free and grab her phone to [call 911]. She said once she broke free and called the police Jeffrey, ran from the residence. Dayata, was not able to say for sure where Jeffrey, was going, but did say that he was probably going to head toward Muskegon Heights. She said that Jeffrey, does not have a permanent address and moves from place to place. Dayata, said there was no fluids transfered or any items that Jeffrey, touched inside the residence. Dayata, and Jeffrey, have one child in common. Dayata, said that Jeffrey, and her have been separated for over [5 years]. Dayata, said that she had a PPO against Jeffrey, but it's no longer valid. Dayata, was visibly shaken up. Her hair was messed up and shirt was ripped from the collar down the middle of her T-Shirt. Inside the residence there was visible signs of a struggle with couches pushed around and multiple items on the floor such as tables, candles, pillows and small kids toys. Dayata, had no visible marks or bruises. Pictures of the scene and victim were taken and turned into command. Victims shirt was collected for evidence. I instructed Dayata, to spend the away from the home at her Mothers. Dayata, said her mother (Carolyn Jordan), lives at 2716 Royal Court. Also, I instructed Dayata, to attempt to acquire another PPO against Jeffrey. I gave Dayata, a victims Rights Pamphlet and Officer contact information. I

34

also instructed Dayata, to contact us immediately if Jeffrey, returns. An

assisting Officers checked the area for suspect. Check Officer Woodard's

Supp for more details. Suspect was not located. I attempted to make contact

with Dayatas Neighbors. I attempted [32 and 35 Forest Address]. I could not

make contact at either address. LEIN: Confirmed and Valid Warrant for

Jeffrey Conley. Dayata, left the residence to stay with her Mother. The

Disposition: OPEN TOT DB/Evans 52 and Dudka 67. The follow up occurred on

December 8, 2017, contact with Dayata. I called Dayata, on December 6, 2017.

A voicemail was left asking for her to call me. As of December 8, 2017, at

[1100 hours], she has not returned my call. I called again on December 8,

2017, and spoke with Dayata, who was currently at work. She agreed to come

to the Muskegon Police Department, and speak with me on December 11, 2017,

at [1200 hours]. Interview to follow. Interview with Jeffrey, on December 8,

2017, at [0830 hours]: I spoke with Jeffrey, at the Muskegon County Jail.

Jeffrey, was lodged on an unrelated incident on December 6, 2017. Defendant

Logan Anderson, No.#11., along with Defendant Nate Baker, No.#12., said we

spoke with Jeffrey, regarding his incident with Dayata. Jeffrey, was read

his Miranda Rights and agreed to speak with us. Jeffrey, was asked when the

last contact he had with Dayata. Jeffrey, stated that he last had contact

with Dayata, in mid October, at their child in Common School. He said it is

possible that he may have had Telecommunications with her since, but was

certain that is the last time he saw her. Jeffrey, was asked about his

relationship with Dayata, and told that she was alleging that he was at her

residence on **December 1, 2017**. Jeffrey, adamantly denied being at Dayata's,

residence on 32 W. Forest Avenue, in Muskegon, Michigan. Jeffrey,

immediately stated he was in [**Ypsilanti, Michigan**]. This was a False lie

Jeffrey, made to the Muskegon Police Detectives, Defendants Logan and Baker.

When Jeffrey, lied and claimed that he was visiting family members,
specifying Debra Flowers (Aunt) and Isaac Brown (Father). Jeffrey, Debra
Flowers, and Issac Brown, made False Police Reports, in violation of
MCL § 750.411a(1)(b). The Defendant Logan Anderson, No.#11., then stated
I would speak with Debra, and Isaac, immediately following my interview with
Jeffrey. Jeffrey, would further his [**alibi**] that he was out of town during
this time, by recalling that he was at the [**Fairlane Mall Located at 18900
Michigan Avenue, in Dearborn, Michigan #48126; Ph. (313)-436-7600**], in the
evening. Jeffrey, stated he made a purchase for approximately [**$145.00**],
and had the receipt. The [**Macy's Fairlane Mall Located at 18900 Michigan
Avenue, in Dearborn, Michigan #48126; Ph. (313)-436-7600, Receipt Jeffrey,
Stated He Made A Purchase For Approximately ($145.00) Dollars, Did Not Take
Place Until December 2, 2017, at 7:14 P.M.**]. See (Attached Receipt Jeffrey,
Submitted As Support Of An Alibi Actually Contradict His Jeffrey's Alibi
Defense, That He Was Not In Muskegon County Michigan, On December 1, 2017).
And, Jeffrey, claimed he had the receipt at a relatives home (**Marcellus
Wyrick, at 3012 9th Street**). The Defendant Logan Anderson, No.#11., claimed
that he - I would later speak with Marcellus, who said he would **LOOK** for the
the **RECEIPT** and contact me if it is located. Marcellus, would contact me to
say he turned the receipt, Dated **December 2, 2017, not December 1, 2017,**
over to Defendant Attorney Kevin John Wistrom, No.#10. The Defendant Kevin
John Wistrom, No.#10., is caught on **Tape,** clearly slandering the Plaintiff
Darrell Jones, and calling the Plaintiff, a **"Slum Landlord",** in an effort to
damage the Plaintiff's, business reputation, to protect Jeffrey Conley, from
going to Jail, for all the crimes he committed against the Plaintiff Darrell
Jones, and other Citizens of Muskegon County. The Defendant Logan Anderson,
No.#11., said the allegations from Dayata, were explained to Jeffrey. He was
asked why Dayata, would make up that she was assaulted by him.

Jeffrey, explained that he is having ongoing issues with Dayata's, **Uncle,**
**Darrell Jones.** Jeffrey, believes that Dayata, and Darrell, are trying to
falsely place criminal charges on him. I asked Jeffrey, to explain why
Darrell, and Dayata, would try and place charges on him. Jeffrey, stated
that part of the issue is that Darrell, owns the home, that Dayata lives in.
Darrell, pays for cars, rent and other things, for Dayata, in exchange for
sex. Jeffrey, also believes that Darrell, has Dayata, addicted to Norco.
Darrell, in turn is trying to keep Jeffrey, away from Dayata.  Jeffrey, not
Darrell, stated he has no involvement with Dayata, other than having a child
with her. More of the new allegations from Dayata, were explained to Jeffrey.
He was told that Dayata, was arriving home to her residence on 32 W. Forest
Avenue, and he pushed her into the home, and began to assault her. Jeffrey,
reacted strongly that he was not at her residence and added that Darrell,
must have put her up to this and she needs to be prosecuted. I checked RMS
to see past history with Darrell, and Jeffrey. Defendant Logan Anderson,
No.#11., said: I located the following recent police contacts regarding the
allegations from Darrell, against Jeffrey: The following Muskegon Police
Reports, 17-23343 Jeffrey, was arrested on October 9, 2017, for assaulting
Darrell; 17-23759 Jeffrey, was accused of making threats toward Darrell, on
October 15, 2017; 17-25139 Jeffrey, was accused of making threats to Darrell
(Warrant Requested, On November 1, 2017); 17-25193 Jeffrey, was accused of
**Stalking** Darrell, On November 2, 2017; 17-04077 Jeffrey, was accused of
**Shooting at Darrell,** while both were in separate vehicle (December 1, 2017
at 1449 hours). At this time, the Defendant Attorney Kevin Wistrom, No.#10.,
came to speak with Jeffrey, about his unrelated charge. The Defendant Kevin
Wistrom, had no objections of Defendant Logan Anderson, No.#11., and the
Defendant Nate Baker, No.#12., speaking with Jeffrey. Jeffrey, requested

his Attorney Defendant Kevin John Wistrom, #10., be present and began with

giving a summary about the new allegations to Kevin Wistrom. A summary of

the allegations from December 1, 2017, were given to Jeffrey's Attorney.

Attorney Wistrom, would immediately say, **"you had gone to Ypsilanti (on

Friday)"** as he spoke to Jeffrey. Jeffrey, would later state that he was out

of town visiting family in Ypsilanti, and came back to Muskegon, on December

5, 2017, as he had court on December 6, 2017. This was a straight out lie,

by the Defendant Kevin John Wistrom, #10. What is he suggesting that the

Defendant Jeffrey Allen Conley, No.#16., calléd him to tell the Defendant

Wistrom, that he - Jeffrey, was going to visit his family in Ypsilanti, on

December 1, 2017, before he when to Ypsilanti? This proposition offered by

Defendant Kevin John Wistrom, No.#10., has to be rejected in light of all

the evidence, which is clear and convincing that Defendant Jeffrey Allen

Conley, No.#16., was in Muskegon County, Michigan, on December 1, 2017, at

the time, he **"Shot at Darrell, in Muskegon Heights, Michigan, and at the

time, he sexually - criminally sexually assaulte**d Dayata" The Defendant

Logan Anderson, No.#11., said the interview was audio recorded and an added

to the case file. The interview was concluded by Jeffrey, wanting charges,

this is why Defendant Logan Anderson, No.#11., Defendant Nate Baker, No.#12.,

and Defendant John Doe, who's real name is **Corey Luker,** No.#13., all Muskegon

County Police Detectives, sought to bring false charges against Darrell

Jones, who was not  ... responsible for the allegations against the Defendant

Jeffrey Allen Conley, No.#16., on December 1, 2017, by Defendant Dayata

Totten, No.#14. The Defendant Logan Anderson, No.#11., said he made contact

with Debra Anne Flowers, immediately following his interview with Jeffrey,

I would speak with Debra, on the phone (followed by Isaac Brown). I asked

Debra, what her relation was to Jeffrey Conley. Debra, confirmed that Jeffrey,

is her nephew. She was asked when she last saw Jeffrey. Debra, stated that

Jeffrey, came to visit on December 1, 2017, and arrived to her home around (**2200 hours - which is 10:00 P.M.**), on December 1, 2017. She added that Jeffrey, was at his fathers home before he came to hers. Both Debra and Isaac Brown, live in the Ypsilanti, Michigan area. Contact with Isaac Keith Brown. Isaac, confirmed to me that he is the father to Jeffrey. Isaac, would tell me that he was not home when Jeffrey, arrived to his home in Ypsilanti. As Jeffrey, called Isaac, when he arrived at the home and Isaac, went to meet him. Isaac, stated the time was approximately (**1700-1800 hours which is between the hours of 5:00 P.M., and 6:00 P.M.**), on December 1, 2017. Now just calculate the time, and it is clear that Jeffrey Allen Conley, No.#16., was in Muskegon County, Michigan, at the moment and time, he pulled the trigger on that gun, he was carrying to shoot at Darrell Jones, on December 1, 2017.

On December 11, 2017, the Defendant Logan Anderson, No.#11., said I would speak with Isaac, on the phone. Isaac, told me that he spoke with Defendant Sequoia Totten Randle-El, No.#15., who is the sister to Dayata. Sequoia, allegedly told Isaac, that Darrell, is trying to put Jeffrey, in Jail, by making up allegations against him. The Defendant Sequoia Totten Randle-El, No.#15., must be charged with making a False Police Report, contrary to MCL § 750.411a(1)(b), against Darrell Jones, because the lying Defendant Sequoia Totten Randle-El, No.#15., knows that her Husband, and Jeffrey Conley, is running a **"Drug Criminal Enterprise"** in Muskegon County, and because the Plaintiff Darrell Jones, will not allow Jeffrey, and Sequoia Husband, to sell drugs, out of his rental houses, she has made up these lies to protect Jeffrey. This is why Jeffrey, ran to her house at 3112 Seventh Street, in Muskegon Heights, Michigan #49444, when **WEMET** arrested Jeffrey, there. Isaac, stated he knows Darrell, from when he used to live in Muskegon. Isaac, is afraid that Darrell, will hire someone to kill Jeffrey.

39

Isaac, based his fears about what Darrell, will try to do to Jeffrey, from speaking with Jeffrey, and Sequoia. The only thing, will kill them is the **drugs the Defendants Jeffrey, Sequoia, and her Husband, are using, and trying to sell out of Darrell Jones, rental houses.** The Plaintiff Darrell Jones, ask the Court to look at the Documents where Jeffrey Conley, admit that he was in Muskegon, Michigan, on December 1, 2017, as well as his own Father Isaac Keith Brown. The Defendant Logan Anderson, No.#11., said Isaac, first spoke with Jeffrey, on December 1, 2017, at (**1000-1100 hours this is between 10:00 A.M., and 11:00 A.M., in the Morning on December 1, 2017**). The Defendant Logan Anderson, No.#11., said Jeffrey, told Isaac, that he was being chased by Darrell, and another unknown male. Isaac, told Jeffrey, to contact the Police. Around (**1400-1500 hours between 2:00 P.M., and 3:00 P.M., on December 1, 2017**), Jeffrey, would call Isaac, and tell him he was leaving Muskegon, to see him in Ypsilanti. Jeffrey, would call Isaac, again around (**1700-1800 hours between 5:00 P.M., and 6:00 P.M., on December 1, 2017**), and tell Isaac, that he was waiting for him at his home. Jeffrey, would stay and visit Isaac, until he left later in the evening to visit Debra. Isaac, voiced his concern for the safty of his Son regarding what Darrell, may do and what he is capable of. Isaac, believes Darrell, is in possession of a gun. Isaac, was told to report any contact with Darrell, to the Police. On November 1, 2017, the Defendant Benjamin L. Medema, No.#6., Defendant Kathryn H. Norton, No.#5., Defendant Mary E. Farrell, No.#7., in The People Of The State Of Michigan v. Jeffrey Allen Conley, Case No.#17-18-9245-FY, filed a Felony Complaint against the Defendant Jeffrey Allen Conley, No.#16., that charged Defendant with Five (5) separate counts: (1) Firearm Possession By Felon, contrary to MCL § 750.224f; (2) Carrying Concealed Weapons, contrary to MCL § 750.227; (3) Assault With A Dangerous Weapon (Felonious Assault) did make an assault upon Plaintiff Darrell D. Jones, with a

40

dangerous weapon, to-wit: a Pistol, but without intending to commit the crime of Murder, contrary to MCL § 750.316, or to inflict great bodily harm less than the crime of Murder, contrary to MCL § 750.82; (4) Weapons - Felony Firearm, contrary to MCL § 750.227b; and (5) Habitual Offender - Fourth Offense, contrary to MCL § 769.12. For the Police and Muskegon County, Prosecutors, to keep from Prosecuting these crimes against Jeffrey Conley, for the crimes, Jeffrey Conley, committed against the Plaintiff Darrell Jones, they then sought individuals out to lie on the Plaintiff Darrell Jones, for absolutely no reason at all. On December 11, 2017, the Defendant Logan Anderson, No.#11., and Defendant Nate Baker, No.#12, interviewed with the Defendant Dayata Totten, No.#14. Dayata, would call me and ask that I come to her residence to speak about the incident. Along with Detective Baker, we spoke with Dayata, at her residence. She was home alone at the time. The interview was audio recorded and later added to the case file. These are the highlights from the interview. Dayata, stated she arrived home alone in the evening of December 1, 2017. She did not see where Jeffrey, came from as he pushed her into the residence and attempted to pull her clothing off. She stated that Jeffrey, made comments such as, **"you gonna give me some ... you gonna suck my dick".** She did not see where Jeffrey, came from or how he arrived. Dayata, was certain the male, who unlawfully entered her home and attempted to **Rape** her was Jeffrey Conley, as she saw him well. Dayata, stated this was the first time, she saw Jeffrey, in about [2] Months. Dayata, does not know why Jeffrey, would do this to her. She suspects it has something, to do with the ongoing issue **between Jeffrey, and her Uncle, Darrell Jones.** Dayata, wants full Prosecution against Jeffrey, for the Home Invasion, contrary to MCL § 750.110a; and Attempted Criminal Sexual Conduct in the First Degree, contrary to MCL § 750.520b.

41

Dayata, was then presented with the information and alibi that Jeffrey, presented to Defendant Logan Anderson, No.#11., previous. Dayata, would at first tell Logan Anderson, that she was telling the truth and Jeffrey, was at her residence on December 1, 2017. After speaking with Dayata, about her allegations and the alibi of Jeffrey, she would state the following: Dayata, stated she has had ongoing issues with Jeffrey, and made up the story, to get him out of her life. She attempted to send him to prison by making up the story. Dayata, admitted that Jeffrey, was not at her home on December 1, 2017. She recalls not seeing him for Months. Dayata, stated she acted alone and no one assisted her in making the lies up. The Defendant Logan Anderson, No.#11., said he questioned the Defendant Dayata Totten, No.#14., about being helped or told by anyone else in fabricating the story. Dayata, thought about the question and would not say that anyone else put her up to making the false allegations. Logan Anderson, said he asked Dayata, to contact Logan Anderson, if she had any other information. She had no further questions at this time. Logan Anderson, said he told her that the statements she made will be presented to the Prosecutors Office. The Defendant Logan Anderson, No.#11., and Defendant Nate Baker, No.#12., wanted Dayata, to say that her Uncle Darrell Jones, had put her up to making the False Police Report, contrary to MCL § 750.411a(1)(b), which the Plaintiff Darrell Jones, had absolutely nothing to do with. This caused the Defendant John Doe, who is Detective Corey Luker, No.#13., and Defendant Nate Baker, No.#12., to follow and pursue the Plaintiff Darrell Jones, since December 11, 2017. On December 11, 2017, Nate Baker, No.#12., and Corey Luker, No.#13., had a Police Patrol Cruiser, to stop and pull over the Owner of [**J.T. Installer A Furnace Company**], the Plaintiff Darrell Jones, had hired to work on the Plaintiff's rental Properties. The Defendants Nate Baker, and Corey Luker, asked J.T.

42

Installer, A Thousand (1000) Questions about was he being paid right for working for the Plaintiff Darrell Jones, and that J.T. Installer, should consider not working on the Plaintiff Darrell Jones, rental properties. The Defendants Nate Baker, and Corey Luker, has harassed the Plaintiff Darrell Jones, employees the Plaintiff has hired - to worry and hinder the employees from working on the rental properties of the Plaintiff's by repeated attacks, which is still ongoing to the present day, which the Plaintiff Darrell Jones, has [**Video Tapes**], to prove his allegations against Defendant Nate Baker, No.#12., and Defendant Corey Luker, No.#13., and Defendant Kevin John Wistrom, No.#10. When Defendants Nate Baker, and Corey Luker, had the Cruiser stopped the hired employee, the Patrol Officer, gave him a ticket, and the Defendants Nate Baker, and Corey Luker, asked the employee, was he being properly paid by the Plaintiff Darrell Jones. On December 11, 2017, the Defendant Logan Anderson, No.#11., and Defendant Nate Baker, No.#12., make contact with the the Defendant Kevin John Wistrom, No.#10. Kevin Wistrom, (Attorney for Jeffrey) contacted the Defendant Logan Anderson, by phone. The Defendant Logan Anderson, said he explained to Defendant Attorney Wistrom, that no charges will be filed on his client in this incident, for Home Invasion, and Criminal Sexual Conduct. Attorney Wistrom, stated he would **FAX** Defendant Logan Anderson, the receipt from the [**Fairlane Mall; Dated December 2, 2017**]. See (Attached Macy's Fairlane Mall, Receipt located at 18900 Michigan Avenue, in Dearborn, Michigan #48126; Ph. (313)-436-7600; Dated December 2, 2017). On December 11, 2017, the Defendant Logan Anderson, No.#11., received the December 2, 2017, receipt from the Fairlane Mall, in which he should have been able to discern that this receipt did not remotely support the Defendant Jeffrey Allen Conley, No.#16., alibi defense, because the receipt is Dated December 2, 2017, not December 1, 2017.

43

If Defendant Kevin John Wistrom, No.#10., locates it. If/when the December 2, 2017, receipt comes available, it will be added to the case file. The Defendant Kevin John Mistrom, No.#10., lied to help the Defendants Logan Anderson, No.#11., Nate Baker, No.#12., and Corey Luker, No.#13., frame the Plaintiff Darrell Jones, upon false charges. The Defendant Logan Anderson, No.#11., next said he called the Defendant Dayata Totten, No.#14., and an asked for her to speak with Defendant Logan Anderson, in person, regarding any further information she had. The Defendant Logan Anderson, No.#12., made this contact with Dayata, on December 12, 2017. Dayata, left Defendant Logan Anderson, a voicemail around [**1400 hours**] stating she had a right to remain silent and did not wish to speak any further. On December 12, 2017, Defendant Logan Anderson, said he then spoke with the Assistant Prosecutor Attorney (APA) Defendant Matthew J. Roberts, No.#8., regarding Dayata, putting the false allegations on Jeffrey. A warrant request is being submitted to [LEAP Portal], against Dayata, for False Police Report. See (MCL § 750.411a(1)(b). This incident may be reopened if any further information comes available. See (Attached Muskegon County Police Incident/Investigation Report, Written Robert Dudka; Dated December 1, 2017, and Case Supplemental Report, Written by Logan Anderson, Dated December 8, 2017, That Consist of Other Dates of His Follow Up of the Investigation). On December 15, 2017, the Defendant Matthew J. Roberts, No.#8., in The People of The State of Michigan v. Dayata Totten, Case No.#18-00-0513-FH, filed the Felony Complaint and Warrant, and charged the Defendant Dayata Totten, No.#14., with making a False Police Report. The complaining witness says that on the date, December 1, 2017, and at the location, 32 W. Forest Avenue, in Muskegon, Michigan, #49442, described above, the Defendant, contrary to law. Count-1: False Report Of A Felony, did, intentionally make a false of the commission of a felony, Criminal Sexual Conduct, to a peace officer of the City of Muskegon,

44

knowing that the report was false; contrary to MCL § 750.411a(1)(b). [750.411A1B] Felony: [4 Year and/or $2,000.00]. Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples. If there is a check to the left, please place warrant information on NCIC. The complaining witness asks that Defendant be apprehended and dealt with according to law. See (Attached Felony Complaint Authorized By Defendant Matthew J. Roberts; Dated December 15, 2017; And The Felony Warrant Authorized By Judge/Magistrate; Dated December 18, 2017). On February 8, 2018, On February 8, 2018, the Defendant Dale J. Hilson, No.#4., in The People of The State of Michigan v. Dayata Totten, Case No.#18-00-0513-FH, filed the Felony Information, in the Muskegon County 14th Circuit Court. See (Attached Felony Information; Dated 2-8-18). The Defendant Dale J. Hilson, No.#4., has continued his work in trying to find someone or anybody, he can to falsely accuse the Plaintiff Darrell D. Jones, of a felony. On February 8, 2018, the Defendant Mary E. Farrell, No.#7., in The People of The State of Michigan v. Dayata Totten, Case No.#18-00-0513-FH, pursuant to [1986 PA 46], the following is a list of witnesses - Officer Robert Dudka, Detective Logan Anderson, Kevin Wistrom, Darrell Jones, and Marcellus Wyrick - known to the Prosecuting Attorney who might be called at trial and all **res gestae** witnesses known to the Prosecuting Attorney or Investigating Law Enforcement Officer. See (Attached List of Res gestae; Dated 2-8-18). The Defendant Mary E. Farrell, No.#7., also worked hard to have the Defendant Dayata Totten, No.#14., to falsely accuse the Plaintiff Darrell Jones, of putting her up to making the charges on December 1, 2017, against the Defendant Jeffrey Allen Conley, No.#16. The Defendants knew that Plaintiff Darrell Jones, had nothing to do with Dayata, and Jeffrey Conley's, relationship problems.

45

On November 1, 2017, the Defendant Benjamin L. Medema, No.#6., in
The People of The State of Michigan v. Jeffrey Allen Conley, Case
No.#17-18-9245-FY, filed a felony complaint against the Defendant Jeffrey
Allen Conley, No.#16., that charged defendant with Five (5) separate counts:
(1) Firearms Possession By Felon, contrary to MCL § 750.224f; (2) Carrying
Concealed Weapons, contrary to MCL § 750.227; (3) Assault With A Dangerous
Weapon (Felonious Assault) did make an assault upon Plaintiff Darrell D.
Jones, with a dangerous weapon, to wit: a Pistol, but without intending to
commit the crime of Murder, contrary to MCL § 750.316, or to inflict great
bodily harm less than the crime of Murder, contrary to MCL § 750.82;
(4) Weapons - Felony Firearm, contrary to MCL § 750.227b; and (5) Habitual
Offender - Fourth Offense, contrary to MCL § 769.12. On December 19, 2017,
the Defendant Matthew J. Roberts, No.#8., submmitted the Motion/Order of
Nolle Prosequi, to dismiss the above Criminal Charges, against the Defendant
Jeffrey Allen Conley, No.#16., [**Without Prejudice**] for the following reasons:
**Further Investigation.** On December 20, 2017, the Court said the - Motion
For Nolle Prosequi Is Granted And The Case Is Dismissed Without Prejudice.
See (Attached Motion/Order Of Nolle Prosequi; Dated 12-19-17; and 12-20-17).
The Plaintiff Darrell D. Jones, move the Prosecuting Attorney, Defendant
Dale J. Hilson, No.#4., to reinstate these charges against the Defendant
Jeffrey Allen Conley, No.#16., stop the denial of Plaintiff Darrell D. Jones,
First Amendment Rights to Petition the Government for the Redress of his
Grievances. On February 27, 2018, the Defendant Matthew J. Roberts, No.#8.,
and the Assistant Prosecuting Katherine T. Matlock, next in The People of
The State of Michigan v. Jeffrey Allen Conley, Case No.#17-18-8744-SM, had
filed Motion/Order of Nolle Prosequi is granted and the Count-I Assault and
Battery, contrary to MCL § 750.81, case is dismissed [**Without**

46

Prejudice]. See (Attached Motion/Order Of Nolle Prosequi; Dated 2-27-18)
The charges as mentioned above must be reinstated. On February 28, 2018, the
Defendant John R. Beason, No.#9., informed Dayata, in The People of The
State of Michigan v. Dayata Totten, Case No.#18-00-0513-FH, that the
Defendant Matthew J. Roberts, No.#8., wanted Dayata, to testify against the
Plaintiff Darrell D. Jones. The Defendant John R. Beason, said:"**I canceled
the Cobb hearing on Friday. Prosecutor Defendant Matthew J. Roberts, No.#8.,
offer Misdemeanor if you (meaning Dayata), testify against Darryl, so no use
going to hearing**" See (Attached E-Mail From Lawyer John Beason Cell; Dated
2-28-18, at 3:05 P.M.). On Monday, **June 18, 2018**, at 9:03 A.M., Attorney
Kenneth S. Hoopes, Ladas & Hoopes Law Offices, PLC, at 435 Whitehall Road,
in N. Muskegon, Michigan #49445; Ph. (231)-744-6218, wrote: **Dear Mr. Beason,**
I have been contacted by Darrell Jones, to request information you may have
regarding his niece, Dayata Totten, and her pending ... The People of The
State of Michigan v. Dayata Totten, Case No.#18-00-0513-FH, with the
Muskegon County Prosecutors Office, and said Prosecutor's Office interests
in Mr. Jones. As I believe you are aware, Mr. Jones, has had run in's with
Jeffrey Conley, who is also at the center of Ms. Totten's, pending case.
Could you please respond to the following:

1). Has the Muskegon County Prosecutor's Office made requests to you
or Ms. Totten, to implicate Mr. Jones, as to coercing or otherwise trying to
convince Ms. Totten, to file a false report as to assaults by Mr. Conley?

1). On June 18, 2018, the Defendant John R. Beason, No.#9., responded
to ¶1 at 1:04 P.M., and said:"From the beginning when Defendant Matthew
Roberts, No.#8., had the Case No.#18-00-0513-FH, at PC. N Preliminary it was
his belief that Totten, Case was Orchestrated by Jones, to get back at
Conley, was false since she recanted her CSC complaint when interview by the
Detective ... Defendant Logan Anderson, No.#11., ... At the pretrial the
offer was if Totten, would come forth and say it was false and Jones, was
involved in that false police report ... She could plea to a misdemeander.
I rejected the offer and matter was set for trial"

47

2). Has this request from the Prosecutor's Office been on more than one (1) occasion?

2). On June 18, 2018, the Defendant John R. Beason, No.#9., responded to ¶2 at 1:04 P.M., and said:"Yes the misdemeanor offer ... by the Defendant Matthew Roberts, No.#8., was at the preliminary examination and pretrial".

3). Has the Prosecutor's Office requested information from you personally that may assist them in implicating Mr. Jones, in any crime involving Jeffrey Conley? Any information you could provide Mr. Jones, regarding the above would be greatly appreciated.

3). On June 18, 2018, the Defendant John R. Beason, No.#9., responded to ¶3 at 1:04 P.M., and said:"No information has been requested of me ... by the Defendant Matthew Roberts, No.#8., personally ... Only through Totten ... As in [number-1]. Hope this answers your inquiry sent from Yahoo Mail on Android. See (Attached Attorney Kenneth S. Hoopes Questions To Defendant Attorney John R. Beason, and The Defendant Attorney John R. Beason, Answers - Xfinity Connect Re-Dayata Answer Printout; Dated 6-18-18).

On July 16, 2018, the Plaintiff Darrell D. Jones, submitted his

Complaint on Defendant Logan Anderson, No.#11., and Defendant Nate Baker,

No.#12., to the Muskegon City Police Department, directed to the Attention:

Captain Dennis Lord, at 980 Jefferson Street, in Muskegon, Michigan #49440.

See (Attached Three (3) Page Letter From Darrell D. Jones, To Captain

Dennis Lord; Dated 7-16-18). The plaintiff was denied his rights to petition

the government for the redress of grievances, in which the defendants, knew

or reasonably should have known was a violation of the plaintiff's

Constitutional Rights, in which the plaintiff has suffered prejudice to

his business reputation.

Third Cause of Action
**Count-III**

Supplemental Jurisdiction


## C. Supplemental Jurisdiction Is Invoked


16). The plaintiff adopt and an incorporate herein by reference ¶1 through 16, as if those paragraphs were fully setforth [**below**] in this complaint, and an allege and reallege in the following paragraphs that:


17). Pursuant to 28 U.S.C. § 1367(a) provides: Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. The doctrine of "pendent" jurisdiction, which had perhaps its best known and most generous interpretation in United Mine Workers v. Gibbs, 383 U.S. 715; 86 S.Ct. 1130 (1966), recognizes that in our federal system a plaintiff who has a federal claim against a defendant will often find that the same wrongful conduct that grounded the federal claim has given rise to a claim under state law as well. They may be separate claims, or they may merely be different "counts" or "grounds" or "theories" in support of what is essentially a single claim. Each can be sued on in its own court system, of course, but that creates duplication and waste.

49

## RELIEF REQUESTED

**WHEREFORE,** the foregoing reasons the plaintiff Darrell D. Jones, respectfully moves this Honorable Court, to grant the plaintiff a Temporary Restraining Order, and a Preliminary Injunction, against the Muskegon County Prosecutor Defendant Dale J. Hilson, No.#4., to reinstate all Criminal Charges the plaintiff Darrell D. Jones, has against the Defendant Jeffrey Allen Conley, No.#16., and to award the plaintiff Darrell D. Jones, **Five Hundred Million ($500,000,000.00) Dollars,** against all Defendants named in this Complaint, for the violations of the plaintiff's First Amendment Rights to petition the government for the redress of grievances; to practice the plaintiff's religion as a member of the **Son of Man** secular beliefs and practices (Mark 14:¶21); and to be free from retaliations by his government officials; The defendants violated the Fourth Amendment Rights of plaintiff to be secured in his person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by **oath** or **affirmation,** and particularly describing the place to be searched, and the persons or things to be seized; The Fifth Amendment applies to every level of the government, including the federal, state, and local levels, as well as any corporation, private enterprise, group, or individual, or any foreign government in regards to a US citizen or resident of the US. The Supreme Court furthered the protections of this amendment through the Due Process Clause of the Fourteenth Amendment. The Fifth Amendment creates a number of rights relevant to both criminal and civil legal proceedings. In criminal cases, the Fifth Amendment guarantees the right to a grand jury, forbids double jeopardy, and protects against self-incrimination.

50

It also requires that **"due process of law"** be part of any proceeding. The Sixth Amendment guarantees the right of criminal defendants, including the right to a public trial without unnecessary delay, the right to a lawyer, the right to an impartial jury, and the right to know who your accusers are and the nature of the charges and evidence against you.


Respectfully Submitted,                              Dated: 4-22-19

Darrell D. Jones
**In Pro Per**
**1976 Dykstra Road**
Muskegon, Michigan #49445
Ph. (231)-638-3298

## AFFIDAVIT AND CERTIFICATION OF COMPLAINT

I, **DARRELL D. JONES, AND JONES INVESTING, LLC In Pro Per,** being first duly sworn, under the penalty of perjury, pursuant to 28 U.S.C. § 1746, deposes and says as follows:

1). If sworn as a witness, I can testify competently to the facts contained within this **Affidavit and Certification of Complaint, Dated Monday, April 22, 2019.**

Respectfully Submitted,

Dated: 4-22-19

Darrell D. Jones
**In pro Per**
**1976 Dykstra Road**
Muskegon, Michigan #49445
Ph. (231)-638-3298



From:
Darrell D. Jones
**1976 Dykstra Road**
Muskegon, Michigan #49445

To:
Clerk of the Court
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**399 Federal Building**
110 Michigan Street, NW
Grand Rapids, Michigan #49503

**Enclosed Original Complaint**

Sent: April 22, 2019

From:
Darrell D. Jones
1976 Dykstra Road
Muskegon, MI
49445



**UNITED STATES POSTAL SERVICE®**

**CAUTION HEAVY**

**35 lbs. and Over**

Label 03SCH May 2016

To:

Clerk of the Court
United States District Court
399 Federal Building
110 Michigan Street NW
Grand Rapids, MI 49503

**UNITED STATES POSTAL SERVICE.**

*Retail*

**P**

## US POSTAGE PAID

## $80.50

Origin: 39540
04/22/19
2707030232-09

**PRIORITY MAIL 2-Day ®**

51 Lb 0.8 Oz

**1015**

EXPECTED DELIVERY DAY:  04/24/19

C020

SHIP
TO:
110 MICHIGAN ST NW
STE 399
GRAND RAPIDS MI 49503-2317

**USPS TRACKING NUMBER**

9505 5140 5993 9112 3092 62

